UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH D. BARKSDALE,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN OAK SMITH, et al.,<br><br>Defendants. | Case No. 23-cv-05221  BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at San Quentin State Prison ("SQSP"), where he is currently confined. Dkt. No. 6. Plaintiff filed a motion for leave to proceed *in forma pauperis* which will be addressed in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Claims**

Plaintiff alleges that on May 23, 2023, an unidentified correctional officer ("C/O Doe") used excessive force on him while extracting him from his cell, and that Sgt. Ripenburger and several other officers who were present failed to intervene. Dkt. No. 6 at 4, 5-6. Plaintiff indicates that he intends to obtain the identity of C/O Doe through discovery. *Id.* at 4. Plaintiff claims that their actions violated his Eighth Amendment rights to be free from cruel and unusual punishment. *Id.* at 4. Plaintiff seeks damages. *Id.*

Plaintiff's allegations are sufficient to state a cognizable excessive force claim against C/O Doe under the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 7-8 (1992). The allegations are also sufficient to state a failure to protect claim against Sgt. Ripenburger and other officers who were present. *See Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005).

With respect to the unidentified Defendants, including C/O Doe and other officers who allegedly failed to intervene, Plaintiff shall be given an opportunity through discovery to identify the unknown defendants. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Plaintiff also names as Defendants Warden Oak Smith, Ad-seg Lt. Torress, and C/O Pacheco. Dkt. No. 6 at 2. However, nowhere in his statement of claim or the attached grievance does Plaintiff mention Defendants Smith and Torress and include any specific factual allegations against them to indicate that they were personally involved in the

2

underlying excessive force incident and thereby liable for any injuries. Furthermore, the only allegation against Defendant Pacheco is that she had a verbal exchange with Plaintiff while he was in the holding cell and nothing more. Dkt. No. 6 at 6. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) overruled in part on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"); Batton v. North Carolina, 501 F. Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Plaintiff shall be granted leave to amend to attempt to state sufficient facts to state a cognizable claim against these Defendants.

In preparing an amended complaint, Plaintiff should keep the following in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct

3

the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. 23-05221 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**In the alternative**, Plaintiff may file notice that he wishes to strike the claims against Defendants Smith, Torress, and Pacheco from this action and procced on the claims against C/O Doe and Sgt. Ripenburger on the excessive force and failure to protect claims against them. Plaintiff may then attempt to discover the identities of "Doe" defendants through discovery.

2. **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice the claims against Defendants Smith, Torress, and Pacheco for failure to state a claim, without further notice to Plaintiff. This action will then proceed on the cognizable claims and the remaining Defendants.**

3. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: __February 29, 2024____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.23\05221Barksdale_dwlta