UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH D. BARKSDALE,

    Plaintiff,

v.

WARDEN OAK SMITH, et al.,

    Defendants

Case No. 23-cv-05221 BLF

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

(Docket No. 15)

    Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at San Quentin State Prison ("SQSP"), where he is currently confined. Dkt. No. 6. On April 12, 2024, the Court found the complaint stated cognizable claims of excessive force and failure to protect claim and ordered the matter served on one named Defendant. Dkt. No. 14.

    Plaintiff has filed a motion for appointment of counsel based on indigency, limitations due to his incarceration, possible retaliation from prison officials, his lack of legal experience and limited education, possibility of "complex legal and factual issues" arising, need for expert witnesses, and potential jury trial. Dkt. No. 15. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his

physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  Here, Plaintiff's grounds are not exceptional among prisoner-plaintiffs and are speculative.  It is also premature to assume that this matter will go to trial.  Accordingly, the motion is **DENIED** for lack of exceptional circumstances.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

This order terminates Docket No. 15.

**IT IS SO ORDERED.**

Dated:  __May 23, 2024_____

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

Order Denying Mot. for Appt. of Counsel
P:\PRO-SE\BLF\CR.23\05221Barksdale_atty